## PERKO v. ROCK SPRINGS COMMERCIAL CO.*
### (No. 1371; September 27, 1927; 259 Pac. 520)

ATTACHMENT—EXECUTION OF UNDERTAKING—EXECUTION DEFINED—
SALES—UNLAWFUL SALE—WORDS AND PHRASES—APPEAL AND ER-
ROR—FINDINGS ON CONFLICTING EVIDENCE—INTOXICATING LIQUOR.

1. That attachment bond was not signed in office of clerk of
district court *held* not to render it invalid, under Comp.
St. 1920, § 6119, providing ''in no case shall the order
of attachment be issued by the clerk until there is ex-
ecuted in his office  *  *  *  an undertaking,'' etc., nor
warrant vacating attachment.

2. ''Execute,'' as used in Comp. St. 1920, § 6119, providing
''in no case shall the order of attachment be issued by
the clerk until there is executed in his office  *  *  *
an undertaking,'' etc., means to complete, to sign, seal,
or deliver to clerk for his approval.

3. A contract for sale is not illegal merely because seller has
knowledge that buyer intends to use subject-matter of
sale for an unlawful purpose, unless seller participates in
the intent to commit illegal act, or does some affirmative
act in furtherance of such unlawful purpose, or has some
interest in performance of the illegal act.

4. In action for price of grapes and barrels sold for manufac-
ture of wine, trial court's finding that seller, though not
notified of buyer's unlawful purpose, did not intend to
participate in such unlawful act *held* conclusive.

5. Where testimony is conflicting, appellate tribunal will not
interfere to substitute its own view on the facts for those
of the trial court.

6. Sale of grapes and barrels for manufacture of wine *held*
not illegal, under National Prohibition Act, tit. 2, § 18
(27 USCA § 30), and the identical state statute (Laws
1921, c. 117, § 17), in the absence of any finding of spe-
cific intent on the part of the seller.

*See Headnotes:   (1) 6 C. J. p. 172 n. 52 New; (2) 6 C. J. p. 172
n. 52 New; 23 C. J. p. 278 n. 52, 56; 36 Cyc. p. 1111 n. 70; p. 1139
n. 58; p. 1142 n. 80; p. 1143 n. 89; (3) 13 C. J. p. 518 n. 75; 35 Cyc.
p. 89 n. 55; p. 90 n. 56; (4, 5) 4 C. J. p. 876 n. 78; p. 883 n. 33;
(6) 33 C. J. p. 663 n. 88.

ERROR to the District Court, Sweetwater County VOLNEY J. TIDBALL, Judge.

Action by Rock Springs Commercial Company against Mike Perko. Judgment for plaintiff, and defendant brings error.

*Fred W. Johnson,* of Rock Springs, for plaintiff in error.

An undertaking in attachment must be executed in the office of the clerk of court, 6119 C. S. The statute must be strictly followed, 6 C. J. 36; Horne Semple Co. v. Mitchell, 7 (Bush) Ky. 131; Waples Att. 173; Shinn Att. p. 272; 6 C. J. 107, 108. The word "execute" has a distinct meaning. 23 C. J. 278; State v. Duncan (Mont.) 177 Pac. 249; 36 Cyc. 1114. It means to sign, seal and deliver. David v. Whitehead, 13 Wyo. 200; Anderson's Dict. A seller cannot recover the purchase price of goods sold for an illegal purpose. 13 C. J. 517; 23 R. C. L. 1317. The buyer intended to violate Sec. 2 Ch. 117 L. 1921. Mere knowledge of the seller of the buyer's illegal intention does not preclude recovery, but the rule is qualified to the extent that the seller must not participate in the unlawful intent of the buyer. Graves v. Johnson, 156 Mass. 211, 30 N. E. 818; 13 C. J. 519; Banchor v. Mansel, 47 Me. 58. The sale was a violation of Sec. 18 of the Federal Prohibition Act, 41 Stat. 313 and Ch. 117 L. 1921, and defeats recovery. Vining v. Bricker, 14 Oh. St. 334; Story Conts. 488, 613, 614; 23 R. C. L. 117; 12 L. R. A. (N. S.) 575 and note; 2 Elliott Conts. 6; Pangborn v. Westlake, 36 Ia. 546; Handy v. Co., 41 Minn. 188; Corporation v. Ofsa (W. Va.) 119 S. E. 859, 29 A. L. R. 1053. It is unlawful to possess intoxicating liquor in the home unless acquired before the passage of the Act. Cunard v. Mellon, 262 U. S. 100.

*Frank Yates* for defendant in error.

There was a substantial compliance with the statute in the execution of the undertaking in attachment. Brown

v. Clayton, 12 Ga. 564; State v. Young, 23 Minn. 560. The word "execute" as used in the statute means the accomplishment, or completion of an act or instrument. The action was to recover on account of goods sold and delivered. It was alleged in defense that the goods were sold for an unlawful purpose, to-wit, the manufacture of wine, citing the Prohibition Act, Ch. 117 L. 1921. A contract of this character is not illegal merely because the seller had knowledge of an illegal intention on the part of the purchaser, if the seller did not participate in the illegal intent by some affirmative act. The making of cider or non-intoxicating liquor from fruit juices for personal use is not unlawful. Blakemore Pro. 86. The sale was not illegal. U. S. v. Hill, 1 Fed. (2nd) 954; Blakemore Pro. (2nd Ed.) 600. The sale was made in good faith for lawful purposes without participation in or knowledge on the part of the seller, Rock Springs Commercial Company, of any unlawful intent on the part of the purchaser.

Before KIMBALL, Justice, RINER and CROMER, District Judges.

RINER, District Judge.

This is a proceeding in error instituted by plaintiff in error, Mike Perko, hereinafter referred to as the defendant, to review a judgment for $282.00 with interest and costs, obtained against him in the District Court of Sweetwater county by the defendant in error, Rock Springs Commercial Company, hereinafter designated as the plaintiff.

Plaintiff's petition is in the usual form upon an account for goods sold and delivered. The account set out shows that these goods consisted of three tons of grapes and four barrels. The entire purchase price was $482.00 on which an item of $200.00 cash credit was allowed, leaving the balance claimed $282.00. Shortly after the action was instituted plaintiff filed an affidavit for attachment and an attachment bond was given, which appears to have plaintiff's signature

attached thereto and that of a surety, who executed the usual form of justification of sureties before the county clerk of Sweetwater county. The bond bears the written approval of the clerk of the District Court of said county. Garnishee proceedings were also had in the matter and certain funds belonging to the defendant were thereby impounded.

In his answer defendant denies the alleged indebtedness and that the account was correct. As a second and third defense he pleads a payment made by him to a justice of the peace in an action brought by plaintiff to recover $175.00, it being alleged that the cause of action sued on and that before the justice were identical and that the justice court proceeding was still pending. Defendant's fourth defense alleged that at the time defendant ordered the grapes plaintiff, as part of the contract and the consideration for the sale thereof, "warranted the same to be fit and proper for making wine, and intoxicating liquor, prohibited by the laws of the State of Wyoming and the laws of the United States;" that plaintiff sold and delivered the same, as well as the barrels, knowing at the time of said sale and delivery that the grapes were to be made into wine and intoxicating liquor, the making and possession thereof being prohibited by the laws of the State of Wyoming and of the United States, and that the barrels "were to be used as the container" of said wine in the process of making it. The fifth defense alleged a breach of the claimed warranty already mentioned to the effect; "that said grapes were musty, damp and green, and that they did not make wine, but vinegar, and that said grapes when received were in a spoiled condition and unfit for use in the making of wine." And a credit of $160.00 on the account is asked by reason of this alleged breach of warranty. Plaintiff's reply was a general denial af the allegations in the several defenses.

Defendant filed a motion to vacate the attachment upon the ground, among others, that "the undertaking of the plaintiff herein was not executed in the office of the clerk of the court." This motion was supported by an affidavit

of defendant's counsel that "the said bond, as shown upon its face, was executed in the office of the county clerk and that the qualification of the surety of the plaintiff upon said bond was subscribed and sworn to before W. C. Lewis, county clerk, and not before the clerk" of the District Court.

Upon hearing had the Court denied the motion to vacate the attachment, an exception being taken and allowed to this ruling. The cause proceeded to trial and upon its conclusion plaintiff was given a judgment against defendant as heretofore recited, in which judgment the following appears:

"And the Court, having heard the evidence, finds that the plaintiff is a corporation; that the account set forth in plaintiff's petition is correct; that on October 20th, 1922, defendant purchased from plaintiff one ton of grapes to be used in the manufacture of intoxicating liquor, and four barrels, of the value of $182.00; that on October 28th, 1922, defendant purchased from plaintiff two tons of grapes to be used in the manufacture of intoxicating liquor, at the price of $300.00; that on February 26th, 1923, defendant paid $200.00 upon said account; that there is a balance due thereon in the sum of $282.00, together with interest at the rate of seven per cent per annum from November 28th, 1922.

"The Court finds against the defendant upon his second and further answer to the plaintiff's petition; against the defendant upon his third defense set forth in his answer to plaintiff's petition; against the defendant upon his fourth defense set forth in his answer to plaintiff's petition, except that the Court finds that at the time said grapes were sold and delivered by plaintiff to defendant the plaintiff knew that said grapes were to be used for the making of wine and that the barrels included in said sale were to be used as the containers thereof in the process of said making; and the Court finds against the defendant upon his fifth answer and counterclaim contained in defendant's answer to plaintiff's petition."

A motion for a new trial was made and overruled and an exception allowed thereto. These proceedings for review were in due course commenced.

It is insisted that the trial court committed error in declining to vacate the attachment because the bond in that matter was not signed in the office of the clerk of the District Court and hence was invalid.   Sec. 6119, W. C. S. 1920, reads:

"In no case shall the order of attachment be issued by the clerk until there is executed in his office, by sufficient surety of the plaintiff, to be approved by the clerk, an undertaking in a sum equal to double the amount of the plaintiff's claim, to the effect that the plaintiff shall pay the defendant all damages which he may sustain by reason of the attachment if the order prove to have been wrongfully obtained."

The affidavit of counsel for the defendant in support of this contention embodied in the motion to dismiss the attachment, recites, as we have seen, "that said bond as shown upon its face was executed in the office of the county clerk." But an inspection of the original undertaking, as it appears in the original papers before us, discloses merely that the justification of the surety was signed and sworn to before the county clerk of Sweetwater county on February 1st, 1924.   The undertaking itself, on its face, does not seem to show *where* it was signed, although it bears even date with the surety's justification and though the approval of the clerk of the District Court was not endorsed thereon until February 5th, 1924.   The order of attachment was not issued until the date last mentioned.

But assuming that the undertaking was signed elsewhere than in the office of the clerk of the District Court, we cannot agree with the view urged by defendant.   One of the well-known meanings of the verb "to execute," as an examination of various lexicons has shown  is "to complete." See also Den v. Young, 12 N. J. L. 300.   The word "executed" has also been said to mean "to sign, seal and deliver."   David v. Whitehead, 13 Wyo. 189, 79 Pac. 19, 923. The word has also been frequently held to be synonomous with the word "signed."   See Nielson v. Schuckman, 11 N. W. 44, 53 Wis. 638; Knowles v. Murphy, 40 Pac. 111,

107 Cal. 107; Elliott v. Merchants Bank etc. Co., 132 Pac. (Cal.) 280. Now, the act which finally "completes" the undertaking, so far as the plaintiff in attachment is concerned, is the delivery of the instrument to the clerk for the latter's approval. We consider that this is the sense in which the statute in question uses the word "executed." This conclusion is forced upon us by several well-known rules of statutory construction. As said by the Supreme Court of the United States in Knowlton v. Moore, 178 U. S. 41, 44 L. Ed. 969:

"Where a particular construction of the statute will occasion great inconvenience or produce inequality and injustice, that view is to be avoided if another and more reasonable interpretation is present in the statute. Bate Refrigerating Co. v. Sulzberger, 157 U. S. 37, 39 L. Ed. 611, 15 Sup. Ct. Rep. 508; Wilson v. Rousseau, 4 How. 646, 680, 11 L. Ed. 1141, 1156; Bloomer v. McQuewan, 14 How. 539, 553, 14 L. Ed. 532, 538; Blake v. National Bank, 23 Wall. 307, 320, 23 L. Ed. 119, 121; United States v. Kirby, 7 Wall. 482, 486, 19 L. Ed. 278, 280."

Since the enactment of the section of the statute under consideration, an immense portion of the business of our country is transacted through corporations. Our State laws recognize this fact. Surety companies have come into existence to write undertakings of all sorts, including those required in attachment proceedings. Frequently in this State, at least, these obligations must be signed by corporate officials and others who live at great distances from the county seats. To hold that such undertakings must be signed only in the presence of the clerk would be productive ofttimes of the greatest inconvenience and, indeed, might easily work a denial of justice.

Again, the general practice in the legal profession in our State under this statute is and has been for several decades, at least, contrary to the contention of the defendant. In Backard v. Richardson, 17 Mass. 122, the court says:

"A contemporaneous is generally the best construction of a statute. It gives the sense of a community of the terms made use of by a legislature. If there is ambiguity in the language, the understanding and application of it, when the statute first comes into operation, sanctioned by long acquiescence on the part of the legislature and judicial tribunals, is the strongest evidence that it has been rightly explained in practice. A construction under such circumstances becomes established law."

This rule of contemporaneous construction is quite often resorted to by the courts to throw light upon the true intent and meaning of a statute, and we consider it extremely applicable to this question in the case at bar. We have examined the case of Horne-Semple Co. v. Mitchell, 7 Bush. Ky. 131. While it undoubtedly supports the contention of defendant yet it does not accord with the view entertained by this court as to the proper construction of the statute under consideration.

Defendant also maintains that the sale of the merchandise for which recovery of the purchase price was allowed by the trial court is tainted by illegality and hence the judgment should have been for him. Counsel for both parties appear to agree that the law governing the facts shown by the record is, as stated by 23 R. C. L. pp. 1317-1318, Sec. 134:

"The authorities are not in entire accord as to the effect of the seller's knowledge merely that the buyer intends to use the subject matter of the sale for an unlawful purpose. The better rule is that a contract of sale is not rendered illegal merely because the seller had knowledge of such fact if he did not participate in the intent to commit the illegal act or by some affirmative act aid in the furtherance of such unlawful purpose or have some interest in the performance of the illegal act."

See extensive list of cases cited in the foot note appended to the text. To the same effect is 13 C. J. 517, Sec. 476, and cases there referred to from some twenty-four state and federal jurisdictions.

Our examination of the authorities leads us to think this a correct statement of the law, though crimes of great magnitude are of course excepted from the operation of the principle. Hanauer v. Doane, 12 Wall. (U. S.) 342, 20 L. Ed. 439.

Counsel disagree on the application of the rule, it being claimed on behalf of defendant that plaintiff participated in the intent to commit the illegal act and affirmatively acted in furtherance of defendant's unlawful purpose to manufacture intoxicating liquor. Without reviewing the evidence it is an all-sufficient answer to this contention to say that it is quite obvious from an examination of the record that the testimony was conflicting on this point. The trial court, having the witnesses before it, hearing their words and seeing their demeanor upon the stand, found against the defendant on all such defenses put forward by him. It is unnecessary to cite the many decisions of this court and other appellate courts that under such circumstances the reviewing tribunal will not interfere to substitute its own view on the facts of the case. True, the court below found that in making the sale of this merchandise the plaintiff knew of the unlawful purpose of the defendant, but that is all. All other findings of the court were resolved against the defendant. The overwhelming weight of American authority is to the effect that mere knowledge of the vendee's unlawful purpose in a case like this is insufficient to deprive the vendor of his right to recover for the property he has sold.

The judgment is further criticized in that it is said that the sale was illegal by reason of Sec. 18 of the Federal Prohibition Act, 41 Stats. at Large, 313 and Sec. 17 of Chap. 117, Sess. Laws Wyo. 1921, which is an exact copy thereof, and which reads:

"It shall be unlawful to advertise, manufacture, sell or possess for sale any utensil, contrivance, machine, preparation, compound, tablet, substance, formula, direction, or receipt advertised, designed or intended for use in the unlawful manufacture of intoxicating liquor."

The Federal cases construing this section make it plain that a specific intent must be proved as an independent fact, or circumstances established from which it would be proper to find that a specific intent to do the wrong forbidden by the statute existed, before the statute is applicable. See Nozowitz v. U. S., 282 Fed. (Cir. Ct. App. 2nd Cir.) 575; Stroh etc. Co. v. Davis, 8 Fed. 2nd Ser. 773. But, as already pointed out, the court's findings on conflicting evidence negative any such intent on plaintiff's part and hence the transaction now being reviewed cannot be held to be affected thereby.

It follows, from what has been said, that the judgment should be affirmed.

*Affirmed.*

KIMBALL, J., and CROMER, District Judge, concur.