CZARNETZKY, Respondent, vs. BOOTH and another, Appellants.

*January 11—February 7, 1933.*

538

For the appellants there was a brief by *Higbee & Higbee* of La Crosse, and oral argument by *E. C. Higbee* and *Jesse Higbee*.

*Fred G. Silberschmidt* and *Lawrence J. Brody,* both of La Crosse, for the respondent.

FOWLER, J.    Counsel for appellants claim that (1) the motion of defendant Curtis for a nonsuit should have been granted and the action dismissed as to him because under the evidence Booth was not the servant of Curtis but of the paving contractor; and (2) the action should be dismissed as to Booth because he was not negligent and because the plaintiff was guilty of contributory negligence; that (3) if the action be not dismissed as to both defendants a new trial should be granted for errors on the trial in (a) rejecting evidence offered by the defendants; and (b) for errors in the instructions given by the court to the jury.

(1) We are of opinion that under the undisputed evidence Booth must be considered as the servant of the contractor rather than of the defendant Curtis.    Under the facts Curtis was merely hiring his truck to the contractor. He did not furnish or hire or pay the driver or control the movements of the truck.    The work being done at the time the plaintiff received his injury was manifestly the work of the contractor, and the contractor, not Curtis, is the one upon whom the rule of *respondeat superior* throws the responsibility for the driver's negligence.    Liability of Curtis, if any, would have to be grounded on some insufficient condition of the truck that proximately caused the plaintiff's injury.    The absence of a rear-view mirror, if that could be considered a cause of the plaintiff's injury, might subject him to liability.    But manifestly a rear-view mirror would not disclose the presence of any one so close to the rear of the truck as was the plaintiff.    Absence of efficient brakes

might also operate as a cause if that, as distinguished from negligence of Booth, could be considered as a cause of the injuries. But undisputably the hand or emergency brake was efficient and that rather than the foot brake is the one that would naturally be used in spotting the truck to receive its load. That is the only brake that there was need or occasion to use in spotting the truck. No attempt was made to stop the truck by use of the foot brake at the time of the injury. While the driver, who claimed the foot brake of the car was insufficient, said that the foot brake was more convenient to use than the hand brake and made one statement to the effect that the truck in backing could be handled more efficiently with a foot brake than with a hand brake, he could not say that had the foot brake been operating he could have stopped the truck before it hit the box-car or that he could have stopped the truck more quickly had the foot brake been efficient. We cannot perceive any possible negligence of Curtis that under the evidence could properly be found by the jury to have operated as a proximate cause of plaintiff's injuries, and the motion of the defendant Curtis for a nonsuit should have been granted.

(2) We are of opinion that the negligence of Booth and contributory negligence of the plaintiff were for determination by the jury and that the defendant Booth is not entitled to a dismissal of the case.

(3) (a) The defendants propounded to one of the contractors the question whether the plaintiff had not applied to the Industrial Commission for compensation from the contractor under the workmen's compensation act, and objection to the question was sustained. Counsel claim this was error because, that being the fact, the contractor was really a party to the suit under sec. 102.29, Stats., and the defendants therefore had the right to examine the contractors and their employees adversely under sec. 325.14,

Stats., and that denying them this right operated to their prejudice: But the defendants' counsel asserted at the outset of the trial that they "expected to show that the case was being prosecuted in the interests and for the benefit of the insurance carrier of the contractors." On this theory they would not be entitled to examine the employees of the contractors adversely. But in any event we do not consider that the defendants were prejudiced by the court's ruling. The employees of the contractors put upon the stand by the defendants were all fair witnesses and showed no indication of attempting to color their testimony favorably to the plaintiff. Such as were put upon the stand by the plaintiff the defendants fully cross-examined.

(3) (b) The case seems to have been submitted to the jury on the theory that the plaintiff's injuries were caused by the operation of an automobile upon the highway and that the question of the driver's negligence was to be determined under the law of the road and the rule that it is the positive duty of a driver of an automobile on the highway to observe a lookout in the direction he is going for the protection of other users of it. This is not a proper conception of the case. While the hopper stood within the limits of a dedicated highway, the placing of the hopper thereon, obviously with the consent of the city authorities, withdrew the portion of the highway occupied by the hopper from public travel and made the operations there conducted subject to the same rules that would have applied had the hopper been placed upon private property. Thus the question "Was the defendant Booth negligent in respect to keeping a proper lookout?" was improper in absence of instruction that he was not under duty to keep a lookout unless he knew or ought to have known that the plaintiff or some one else was likely to be passing behind the truck. The instructions complained of were quoted from the statutes governing the use of automobiles on the highway, respecting brakes, rear-

view mirror, and backing up. These instructions compelled findings of negligence by the jury. Those as to rear-view mirror and brakes may be passed without comment, for as above indicated they did not operate as proximate causes of plaintiff's injuries. However, the instruction that "the operator of a vehicle shall not back the same unless such movement can be made in safety," quoted from sec. 85.31, Stats., practically compelled a finding that Booth was negligent in the control of his truck as manifestly it was not safe to back it up under the circumstances.

For the reason here given the judgment against the defendant Booth cannot be sustained, and a new trial must be granted as to him.

*By the Court.*—The judgment of the circuit court is reversed, with directions for dismissal of the complaint as to the defendant Curtis and for a new trial as to the defendant Booth.