**SLAUSON v. STANDARD OIL CO. et al.**

**No. 157.**

District Court, E. D. Wisconsin.

Oct. 17, 1939.

Gold & McCann, of Milwaukee, Wis., for plaintiff.

Emmet Horan, Jr., of Milwaukee, Wis., for defendants.

DUFFY, District Judge.

At the pre-trial conference in this action, the court's attention was directed to the first defense raised in the answer of each defendant. It was that the American Mutual Liability Insurance Company had been the insurer, under the Wisconsin Workmen's Compensation Act, of the employer of Eugene V. Slauson; that said insurance company had become liable to the plaintiff for compensation, medical expenses, and funeral and hospital expenses, because of Eugene Slauson's injuries and death; that said injuries and death are the basis of this action; that under Sec. 102.29, Wisconsin Statutes, if the plaintiff should recover in this action, said insurance company would have an interest in said recovery; and that said insurance company is a necessary party to this action.

This court, on its own motion, ordered a hearing as to why the American Mutual Liability Insurance Company should not be made a party to this action. At the hearing, the parties, including the American Mutual Liability Insurance Company, consented that said insurance company should be made a party to the action, but the plaintiff insists that the insurance company should be a party defendant, while the defendant strongly urges that the insurance company should be made an involuntary plaintiff. Some reference was made to Rule 14 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, entitled "Third Party Practice"; however this rule does not cover the situation before us. Neither of the defendants have any claim against the American Mutual Liability Insurance Company. The plaintiff has no claim against said insurance company, except as has heretofore been adjudicated by the Industrial Commission under the provisions of the Wisconsin Workmen's Compensation Act.

Sec. 102.29 of the Wisconsin Statutes provides:

"(1) (a) The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe or his personal representative to make claim or maintain an action in tort against any other party for such injury or death, but the employer or his insurer shall

be entitled to reasonable notice and opportunity to join in such action. If they or either of them join in such action, they shall be entitled to repayment of the amount paid by them as compensation as a first claim upon the net proceeds of such action (deducting the reasonable costs of collection) in excess of one-third of such. net proceeds, which shall be paid to the employe in all cases.

"(b) The commencement of an action by an employe or his dependents against a third party for damages by reason of an injury to which this chapter is applicable, or the adjustment of any such claim, shall not affect the right of the injured employe or his dependents to recover compensation, but any amount recovered by the injured employe or his dependents from a third party shall be applied as follows: Reasonable costs of collection shall be deducted; then one-third of the remainder shall in every case belong to the injured employe or his dependents, as the case may be; the remainder or so much thereof.as is necessary to discharge in equal amount the liability of the employer and the insurer for compensation shall be paid to such employer or insurer; and any excess shall belong to the injured employe or his dependents.

"(2) An employer or compensation insurer who shall have paid a lawful claim under this chapter for the injury or death of an employe shall have a right to maintain an action in tort against any other party responsible for such injury or death. * * *"

The Supreme Court of Wisconsin has held that the word "compensation" as used in Sec. 109.29 includes medical and surgical bills. Klotz v. Pfister & Vogel L. Co., 220 Wis. 57, 264 N.W. 495. Any rights which the American Mutual Liability Insurance Company may have as the result of the trial of this action could be protected equally well whether said company was a plaintiff or a defendant. It is apparent that the dispute arises from legal maneuvering, because of the possible effect upon a jury of having an insurance company listed on one side or the other of this action.

Rule 19(a) of the Federal Rules of Civil Procedure provides: "Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff."

While it might be considered that the American Mutual Liability Insurance Company is not an involuntary plaintiff, since it is now willing to be made a party, yet it did not become a party on its own motion and to that extent its participation in this action is involuntary.

Inasmuch as the American Mutual Liability Insurance Company will be entitled to a share in the recovery from the defendants, assuming a recovery by the plaintiff in this action, it would seem proper that the insurance company should be listed as a plaintiff.

An order may therefore be entered making the American Mutual Liability Insurance Company an involuntary plaintiff in this action.