# RIENECKER v. LAMPMAN

(No. 2104; December 12, 1939; 96 Pac. (2d) 561)

160

For the appellant, there were briefs by *Ray E. Lee* and *Thomas M. McKinney* of Cheyenne, and oral argument by *Mr. McKinney.*

For the defendant and respondent, there was a brief and oral argument by *Ernest J. Goppert* of Cody.

RINER, Chief Justice.

This cause comes here by direct appeal from a judgment of the district court of Big Horn County in an action wherein N. P. Rienecker was plaintiff and C. F.

Lampman was defendant, and arose in consequence of injuries suffered by Rienecker in an automobile accident. He was not successful in the trial court and now asks that the judgment below be reversed as contrary to law and not sustained by the evidence. The action was tried to the court without a jury.

The material facts involved are not so very greatly in dispute and may be briefly stated thus: On or about two o'clock in the afternoon of September 4, 1936, both the plaintiff and the defendant had driven their automobiles to the business section of the town of Greybull, and had gone to the post office near by for their mail. Lampman parked his car at about a forty-five degree angle with the curb not far from the post office aforesaid. A number of people came in their cars, got their mail at this time of the day, and then departed, and the two "busy times" in that vicinity are apparently two and five o'clock respectively.

After obtaining his mail Lampman, who had driven motor vehicles for many years, returned to his car, in which his wife was then seated, started the motor, and after looking back toward his right to see if everything was clear in the line of traffic in that direction, and finding it to be so, he proceeded to back his car out into the street. There were no cars immediately to Lampman's left side. As he moved his car thus he continued to look back and saw no one until he had covered a distance of some four or five feet, when the rear of his car struck an object—the plaintiff as it subsequently proved—some one "hollered," and Lampman reversed the movement of his vehicle, returned to the curb, got out of his car, and went to the plaintiff's assistance. Lampman did not see Rienecker until the latter was struck by the automobile.

Before the movement of the Lampman car had commenced it appears that Rienecker had left the sidewalk and curb of the street, had passed the car aforesaid,

gone on out into the street, stopped a garbage truck operated by the town of Greybull, and engaged the driver thereof in conversation for two or three minutes. The town truck was thus stopped by Rienecker in such a way on the street that it was impossible for Lampman to back out into the line of traffic until the truck had been moved away. While carrying on the conversation with the driver of the garbage truck Rienecker stood with his back towards the Lampman car, his left foot resting on the ground, his right foot placed on the running board of the truck, and his arms resting on the window frame of the truck's cab. Another person was in the cab, one McFarland, and this party sat next to the window of the truck. During the conversation aforesaid, the motor of the truck, which was a noisy one, was allowed to run continuously. The truck itself was a low gravel truck, with the driver located on its left side as usual. The Lampman car was a sedan, with two small windows in the rear.

Rienecker was struck by the state license plate on the Lampman car, which was slightly bent in consequence. Rienecker's left leg was crushed against the town truck and severely injured.

It is true there was testimony by and on behalf of Rienecker that when he went out in the street he spoke to Lampman as he passed the latter's car and that Lampman was engaged in reading mail matter; and that the garbage truck was twenty or more feet distant from the rear of the Lampman car at the time that car was standing at the curb. The evidence was in conflict regarding these matters, but in view of the general finding of the court, presently to be mentioned, we are obliged to take as established the facts as testified to by the defendant and his witnesses. Branson v. Roelofsz et al., 52 Wyo. 101, 70 P. (2d) 589; Perko v. Rock Springs Commercial Co., 37 Wyo. 98, 106, 259 P. 520.

Plaintiff's petition charged the defendant with driv-

ing his car negligently in not having his "motor vehicle under absolute or any control" and that he failed to operate and control it "as a reasonably prudent person" would have driven and operated it "under similar circumstances." The defendant's answer was a general denial and a claim of contributory negligence on the part of the plaintiff.

The district court found generally for the defendant, and entered the judgment as indicated above, that plaintiff take nothing by his petition and that Lampman recover his costs.

The contentions advanced by appellant in order to obtain a reversal of the judgment would seem to be that the defendant was negligent in backing his car in the manner he did; that there was no contributory negligence shown on the part of the plaintiff; that the judgment is not sustained by the evidence, and that the last clear chance doctrine is involved in the case. 2 Blashfield Cyclopedia of Automobile Law and Practice, Page 274, Section 1101, states that:

"The question of whether, in backing an automobile, the operator has exercised the degree of care rendered necessary by the circumstances of the case, is generally one of fact."

In Nelson v. Mitten, 218 Iowa 914, 255 N. W. 662, it was held as a matter of law that a truck driver was not liable for injuries inflicted upon a person caught between the truck and a building when the vehicle was backed and where plaintiff had voluntarily placed himself in a position of danger behind the truck without notice. It appeared that plaintiff was in a safe place at the time the truck was started and its driver had no knowledge that plaintiff was going to go behind the vehicle.

In Czarnetzky v. Booth, 210 Wis. 536, 246 N. W. 574, it was held that the jury should determine as to the

negligence of a truck driver and the contributory negligence of the plaintiff, who sustained injuries when caught between the truck and a gondola car when the truck was backed to facilitate loading of sand and gravel on the truck. The defendant was held liable in this case for damages on account of the injuries suffered.

So in Benedict v. Marks Shows, Inc., et al., 178 S. C. 169, 182 S. E. 299, where plaintiff sued for compensation for injuries suffered when the defendants' truck, at the rear of which the plaintiff had stopped his auto at a filling station, was cranked by the truck driver and backed against the plaintiff, who was standing by his own car, it was held that this was a question for the jury. Affirming a judgment for the plaintiff the court remarked:

"The jury could infer from the testimony that he had left the truck in gear and that it was through his negligence in cranking it while so that the plaintiff was injured. In short, as more than one inference could be drawn from the evidence, the court properly refused to grant a nonsuit or to direct a verdict on these grounds."

Where the plaintiff had a verdict and judgment for damages on account of injuries inflicted when defendant's officer backed an automobile into a public street and struck plaintiff, a pedestrian in the street, the judgment was reversed because the trial judge's instructions told the jury in effect that the failure of the driver of the vehicle moving backward "to keep a lookout for pedestrians and to sound the horn as a warning constitute negligence per se," it was held in Texas Motor Co. v. Buffington, 134 Ark. 320, 203 S. W. 1013, that such instructions were erroneous. The court additionally indicated that the negligence of the defendant in moving the auto, as was done, and the contributory negligence of the plaintiff in crossing the street

behind the defendant's car in the middle of the block were questions for the jury to determine.

Likewise in Oswald v. H. G. Chaffee Warehouse Co. et al., 29 Cal. App. (2d) 233, 84 P. (2d) 164, where the defendants obtained a judgment, which was thereafter affirmed, it was held that whether the driver of defendants' truck was negligent and whether the plaintiff, a "checker" for a steamship company, was contributorily negligent were questions to be submitted to a jury for its determination of the effect of the evidence in the case, as well as the inferences to be drawn therefrom. The action was one to recover damages for injuries alleged to have been sustained by the checker when he was struck by defendants' truck as it was being backed out of the warehouse where plaintiff worked, the evidence in the case being "not without appreciable conflict."

A judgment for the defendant was affirmed in Nicholas et ux v. Chloupek, 23 Cal. App. (2d) 184, 72 P. (2d) 561. In that case it was decided that the jury might infer that plaintiff, Nicholas, who had parked her car about five feet behind the defendant's automobile which stood, with the motor running, in a position where it was necessary for him to back up before pulling out, was contributorily negligent and consequently could not recover for claimed injuries as a result of the movement of defendant's car.

In Budish v. Villaume Box & Lumber Co. et al., 181 Minn. 259, 232 N. W. 264, it was shown that the plaintiff had parked his car under the so-called "parallel parking" requirement within six to eight inches of the right hand curb on a busy down town street in the City of St. Paul, Minn.; his right front tire was flat, he was jacking up the wheel preparatory to a tire change when the defendant, while undertaking to park his own car, backed into and injured the plaintiff. The defendant admitted making the movement without

warning to plaintiff. He did not discover the plaintiff's presence until afterward. Holding that the issue of contributory negligence on the part of the plaintiff was for the jury to resolve, in affirming an order denying plaintiff's motion for a new trial, the court said:

"Submission to the jury of the issue of contributory negligence is assigned as error. But we cannot say that, in every and any reasonable view of the case, plaintiff was free from negligence proximately contributing to the accident. He was on a busy street, not very wide, with double street car tracks on it, carrying a heavy traffic. Cars are customarily parked during business hours all along both curbs. The space in front of plaintiff's car had just been vacated by one car. The jury probably considered that, in the exercise of due care, he should have anticipated that another one would park there any moment, backing in out of heavy traffic to do so, and that it was incumbent on him to keep some lookout for his own safety. Apparently he failed to do so, and we cannot say as a matter of law that the jury was wrong."

We think it clear from the foregoing recital of facts and authorities that cases like the one now at bar present questions to be resolved solely by the trier of the facts, in this instance the court. There was appreciable conflict in at least several matters of importance, viz., the distance from the rear of defendant's car to the town truck at the time the defendant started the backward movement, and whether the defendant knew, or should have known, of the plaintiff's presence in the rear of the former's automobile.

So far as the contributory negligence of the plaintiff is concerned, it may be observed that as above recited, he left the sidewalk and curb of the street and went out into a busy thoroughfare and stopped the town truck in such a position behind the defendant's car that the latter could not leave until the truck had been moved. Further plaintiff became engrossed in a conversation with the truck driver for some minutes, with his back

to the curb of the street where he knew the defendant's car was parked ready to leave at any time. Plaintiff's senses of both sight and hearing—the truck's motor being a "noisy" one—were all this time blocked by his own conduct. Under all the circumstances presented we think it is apparent that at the very least different inferences could be drawn from the evidence herein and that the trial court, having seen and heard the witnesses, its judgment should not be disturbed. We cannot say the result reached was clearly an erroneous one.

Relative to the last clear chance rule that where "there is evidence from which it may be found that (1) defendant was aware of plaintiff's dangerous situation and realized or should have realized plaintiff's inability to escape therefrom, and (2) defendant then had a clear chance to avoid injuring plaintiff by the exercise of ordinary care and failed to do so," (Heroux v. Atchison, T. & S. F. Ry. Co., 28 Cal. App. (2d) 401, 82 P. (2d) 620; Kansas City S. R. Co. v. Ellzey, 275 U. S. 236, 72 L. Ed. 259, 48 S. Ct. 80, 92 A. L. R. 47, note) it is sufficient to say that this rule is in our judgment taken out of the case by the defendant's testimony that he did not see the plaintiff until the latter was struck by the former's car, absence of evidence from which it might be inferred that the defendant should have observed the plaintiff in time to avoid injuring him and by the general finding of the court for the defendant.

Other questions are suggested by counsel in the case, but as what has been said disposes of the litigation on its merits, we find it unnecessary to consider additional matters now. The judgment of the district court of Big Horn County is therefore affirmed.

*Affirmed.*

KIMBALL and BLUME, JJ., concur.