## KOEPP v. NORTHWEST FREIGHT LINES et al.
### Civ. No. 3326.

United States District Court
D. Minnesota, Fourth Division.
Sept. 21, 1950.

Paul J. McGough and Wright W. Brooks, of Minneapolis, Minn. (Faegre & Benson, of Minneapolis, Minn., of counsel), appeared in behalf of defendants.

Robert L. Hoppe and Freeman, King, Larson & Peterson, all of Minneapolis, Minn., appeared in behalf of plaintiff.

NORDBYE, Chief Judge.

The above cause came before the Court on defendants' motion for an order requiring the insurer from whom plaintiff received workmen's compensation to be joined as a party plaintiff.

This action arises out of an alleged accident which occurred in Minneapolis on or about August 30, 1949, while plaintiff, a Wisconsin resident, was performing work for his Wisconsin employer in Minneapolis. Plaintiff claims that he was permanently injured through the negligence of the defendant Suits while Suits was working as an employee of the defendant freight lines. Plaintiff has received workmen's compensation from the Employers Mutual Liability Insurance Company of Wausau, Wisconsin, under the Wisconsin Workmen's Compensation statutes, St.1949, § 102.01 et seq., for he received his injuries in the course of his Wisconsin employment. Defendants now move the Court to require the insurance company to join as a party plaintiff and to stay all proceedings in this action until the company has entered its appearance in the action. Defendant contends that the insurance company is a real party in interest.

Rule 17 of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides, "Every action shall be prosecuted in the name of the real party in interest; * * *."

This means that every action shall be prosecuted "in the name of the party who, by the substantive law, has the right sought to be enforced." 1 Moore's Fed.Prac., 2nd Ed., p. 1330 and cases cited therein. In the instant case the accident occurred in Minnesota. Consequently, the common law of Minnesota determines the injured party's substantive right to recover in tort for the negligence of the alleged tortfeasor. That is, the Minnesota substantive law of negligence determines the defendant's liability. But plaintiff received compensation under the Wisconsin Workmen's Compensation Law. So the question of whether the insurer who paid workmen's compensation to the injured person has sufficient rights to be classed as a real party in interest so as to be joined with the injured employee as a party to the action is a question of Wisconsin law. For the Wisconsin statute is the law which gives the insurer his interest in this action. Alexander v. Creel, D.C., W. D.Mich., 54 F.Supp. 652.

Section 102.29 of the Wisconsin Statutes provides expressly that "The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe, his personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a third party; nor shall the making of a claim by any such person against a third party for damages by reason of an injury * * * or the adjustment of any such claim, affect the right of the injured employe or his dependents to recover compensation. The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall likewise have the right to make claim or maintain an action in tort against any other party for such injury or death. However, each shall give to the other reasonable notice and opportunity to join in the making of such claim or the instituting of an action and to be represented by counsel. * * * Each shall have an equal voice in the prosecution of said claim and any disputes arising shall be passed upon by the court before whom the case is pending, and if no action is pending, then by a court of record or the industrial commission. * * *"

The provision then provides for a division according to their separate interests between the employee and the insurer of the recovery made by either or both for damages suffered by the employee. The statute by its terms clearly grants the insurer a substantive right in the cause of action and the recovery resulting from an action either by the insurer and/or the employee. See Neitzke v. Kraft-Phenix Dairies, 214 Wis. 441, 253 N.W. 579; Czarnetzky v. Booth, 210 Wis. 536, 246 N.W. 574.

The United States District Court for the Western District of Wisconsin held in Slauson v. Standard Oil Co., 29 F.Supp. 497, that the substantive rights set forth in Section 102.29 were sufficient to permit joinder in a tort action of the employee and the insurer from whom the plaintiff received workmen's compensation as a result of the accident on which the tort claim was based. In that case, the plaintiff there, like here, was seeking recovery from the defendant for injuries suffered from defendant's alleged tort. Plaintiff there, like here, had received workmen's compensation under the Wisconsin statute. The insurer's rights in the action there, like here, arose out of the quoted statutory section above. The parties there, however, recognized that the insurer should be joined, but differed as to whether the insurer should be joined as a defendant or plaintiff. At page 498, the court, after noting the statute quoted above, held, "Inasmuch as the American Mutual Liability Insurance Company will be entitled to a share in the recovery from the defendants, assuming a recovery by the plaintiff in this action, it would seem proper that the insurance company should be listed as a plaintiff."

The court based its decision upon Rule 19(a) of the Federal Rules of Civil Procedure. It provides, "Subject to the provi-

sions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff."

This actually is the specific rule which is controlling in the instant case. For defendant here seeks to require the insurer and the plaintiff to be joined as plaintiffs because they have a joint interest, and clearly, under the Wisconsin statute, their interest is joint, and in that State the insurer is a necessary party. Slauson v. Standard, supra. Rule 19(a) necessarily assumes that the parties who may be joined under it as plaintiffs are real parties in interest. Otherwise, the rule would be inconsistent with the specific requirement of Rule 17. So the test for joinder set forth in Rule 19—joint interest—is whether the parties to be joined are the real parties in interest, and they are the real parties in interest when they are necessary parties. In view of this situation, the Slauson case is in point here, and under the Wisconsin law as enunciated by the federal court for that district and applied under the Federal Rules of Civil Procedure, the insurer has a substantive interest sufficient to permit joinder under Rule 19(a) and is a real party in interest.

Plaintiff here points out that under Minnesota law an insurer who has paid only part of the damage suffered by plaintiff is not a real party in interest, and that the insurer paying compensation under the Workmen's Compensation Act, M.S.A. § 176.01 et seq., is not a necessary party in Minnesota. The insurer may or may not sue. If the injured party sues, he is held to be the real party in interest. McGuigan v. Allen, 165 Minn. 390, 394, 206 N.W. 714. But in so far as the question of joinder here is one of substantive law, it is controlled and determined by Wisconsin law and the result in Slauson v. Standard Oil Co., supra, where the court determined that the insurer is a necessary party. In so far as the matter is one of procedural law, it is controlled and determined by the provisions of the Federal Rules of Civil Procedure, including Rule 19. The United States Supreme Court

made the federal rule of real parties in interest very clear in United States v. Aetna Surety Co., 1950, 338 U.S. 366, 70 S.Ct. 207, which also involved a workmen's compensation case, among others. The Supreme Court declared in that case, which was brought under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1291, 1346, 1402, 1504, 2110, 2401, 2402, 2411, 2412, 2671–2680, after receipt of compensation by the employee from the insurer, "Although either party may sue, the United States, upon timely motion, may compel their joinder. * * * Both are 'necessary' parties. Rule 19(b), Federal Rules of Civil Procedure. The pleadings should be made to reveal and assert the actual interest of the plaintiff, and to indicate the interests of any others in the claim." [338 U.S. 366, 70 S.Ct. 216.]

The court determined the question under Rule 17 and noted that the United States was defending the action as a private litigant, not as a litigant with government privileges.

■ In view of these premises and authorities, it follows that the insurer who pays compensation under Wisconsin law may be joined as a party plaintiff in federal court actions like the instant case. Nothing in the public policy of Minnesota has been shown or is apparent which prevents the joinder. The insurer must be joined as plaintiff, not defendant, because the insurer's interest is similar, not adverse, to the plaintiff employee.

There may be a question as to whether the insurer should have been served with notice of the instant motion. The record is silent as to any notice which the insurer has concerning this motion. But counsel for the defendants stated without contradiction on the argument herein that the insurer and this plaintiff were represented by the same attorneys, and no request was made by plaintiff that the insurer be given formal notice of this motion. The insurer is doing business in this State and is subject to the jurisdiction of this Court. Consequently, it would seem that it is not necessary to pass upon the question of notice to it of this motion under these circumstances.

It follows, therefore, that the motion directing the Employers Mutual Liability Insurance Company of Wausau, Wisconsin, to be made a party plaintiff herein is granted and the title of the action is amended to read as follows: Employers Mutual Liability Insurance Company of Wausau, Wisconsin, a corporation, and Gust Koepp, plaintiffs, v. Northwest Freight Lines, a corporation, and William G. Suits, defendants.

It is further ordered that all proceedings be stayed until said insurer has entered its appearance herein as a party plaintiff by an appropriate pleading. Notice of this order should be served forthwith on both the insured and the insurer by the defendants.

An exception is allowed.