## WILLIAM LOFTUS, TRUSTEE FOR NEXT OF KIN OF STEVEN JOHN LOFTUS, v. CITY OF AUSTIN AND ANOTHER.

91 N. W. (2d) 77.

June 6, 1958—No. 37,456.

*Mahoney & Mahoney,* for appellant.
*McMillan & Dobbs,* for respondent.

Magney, Commissioner.

On July 26, 1956, Stanley Pyburn, an employee of defendant city of Austin, was operating a water flusher on one of the streets of said city. Steven John Loftus, 6 years of age, was run over by the right-hand rear wheel of the flusher and killed. Action was brought against both Pyburn and the city. The jury exonerated Pyburn and returned a verdict in favor of plaintiff and against the city of Austin only. Judgment was entered, and the city appeals therefrom.

A number of claims of negligence were asserted against defendant

Pyburn. As the jury returned a verdict in his favor, no discussion need be had of the evidence on which such claims were based.

■ In its brief, the city argues contributory negligence as a matter of law on the part of the 6-year-old boy Steven. This question was submitted to the jury under proper instructions. It seems unnecessary to detail the testimony on which the jury could base its finding, which was favorable to plaintiff. In our opinion, it is fully supported. Audette v. Lindahl, 231 Minn. 239, 42 N. W. (2d) 717, restates the rule relative to contributory negligence on the part of children, which rule has been followed in this state for years.

■ In the original complaint, no negligence was charged against the city except such as would be imputed to it as an employer. At the close of plaintiff's case, an amendment was allowed charging the city with negligence in not having the flusher properly equipped. Plaintiff claimed that the city was negligent in its failure to equip the flusher with a right-hand mirror. It did have a left-hand mirror. After the accident, a mirror was also installed on the right-hand door. As the verdict was against the city only, it must have been based on the claimed failure to have the flusher equipped with a right-hand mirror.

The flusher was equipped with two nozzles on each side. The front nozzles were underneath the front bumper, and the back ones were in front of the back wheels. The nozzles on the left-hand side were never used. The flusher was operated at about 5 to 7 miles an hour down the center of the street. The spray from the two nozzles thus would flush the right-hand side of the street up to the curb.

Pyburn, the operator of the flusher, testified that, when he was operating the flusher, he could look out the window on the right-hand side of the cab but could not see toward the back where the water was running. He said: "* * * because you got to be driving, you can't lean clear across the cab and look out." So he never looked out of the right-hand door toward the rear to see if any children were behind. He said that children could very well have been back by the rear nozzle and the right side of the flusher and be playing there without his knowledge of it.

There was only one eyewitness to the accident. He testified that he

saw Steven and another boy come running up back of the truck and into the spray. They ran alongside of the truck on its right-hand side and ahead of the spray from the rear nozzle. For half a block the boys were thus playing in the stream of water until the little boy came out from under the rear right wheel. Pyburn did not see the children, nor could he, and knew nothing of the accident until he was told about it when he arrived at the warehouse.

Nothing could be more attractive to children on a hot summer day than the spray coming from a flusher. All the activity around the flusher was on the right-hand side, both the sprays and the children at play. The flusher was so lacking in equipment that the operator could see nothing of what was going on on that side from his position in the cab.

It is our opinion that the court properly submitted to the jury the question whether defendant city was negligent in failing to provide a right-hand mirror on the flusher, and the verdict of the jury is sustained.

The city contends that the flusher was equipped in compliance with statutory requirements. It cites Burch v. Levy Bros. Box Co. 47 Cal. App. (2d) 104, 117 P. (2d) 435, and Czarnetzky v. Booth, 210 Wis. 536, 246 N. W. 574, where it claims courts have held that the defendants were not negligent in failing to provide right-hand mirrors. The fact situation here is so different that the cases cited have no application.

Judgment affirmed.