ESTHER GREENBURG *vs.* GERTRUDE GORVINE.

Suffolk. May 12, 1932. — May 20, 1932.

Present: RUGG, C.J., WAIT, SANDERSON, FIELD, & DONAHUE, JJ.

*Agency,* Existence of relation. *Motor Vehicle. Evidence,* Presumptions and burden of proof. *Practice, Civil,* Variance. *Pleading, Civil,* Declaration.

At the trial, after the enactment of St. 1928, c. 317, § 1, of an action of tort for personal injuries received before such enactment by reason of negligent operation of an automobile registered in the name of the defendant, it appeared that the person who negligently operated the automobile was the defendant's brother-in-law. The defendant introduced evidence to the effect that the defendant was not present at the time of the accident, that the defendant permitted the brother-in-law to use the automobile on the occasion in question, but that he was not

using it on the defendant's business. In cross-examination of the defendant, the plaintiff introduced in evidence two statements in writing by the defendant to an insurance company to that effect. There was no other evidence on that issue. *Held,* that

(1) None of the testimony tending to support the affirmative defence, permissible under St. 1928, c. 317, § 1, bound the plaintiff: whether it was to be believed and overthrew the *prima facie* case set up by the statute was for the jury to determine;

(2) The statute was applicable and a finding was warranted that the automobile at the time of the accident was "being operated by and under the control of a person for whose conduct the defendant was legally responsible."

An averment in a declaration in an action of tort that personal injuries suffered by the plaintiff were caused by negligence of the defendant is supported by proof of negligence by the defendant's servant or agent acting within the scope of his authority.

TORT for personal injuries. Writ dated July 5, 1928.

The action was tried in the Superior Court before *Sisk,* J. The only evidence, other than the registration of the automobile, as to responsibility of the defendant for the conduct of its operator in the circumstances described in the opinion came from witnesses for the defendant, who testified in substance that the defendant was not present at the time of the accident, that the defendant's brother-in-law had been given by the defendant permission to operate the automobile, but that he was not at the time of the accident operating it on her business or in her behalf. In cross-examination of the defendant, the plaintiff introduced in evidence two statements in writing by the defendant to "the insurance company" which included an assertion to the same effect as above described.

The defendant, as stated in the opinion, moved that a verdict be ordered in her favor. The motion was denied. There was a verdict for the plaintiff in the sum of $6,347.55. The defendant alleged exceptions.

The case was submitted on briefs.

*J. F. Cavanagh,* for the defendant.

*L. A. Mayberry, H. L. Barrett, & F. Wilson,* for the plaintiff.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries sustained by the plaintiff through being struck by a motor vehicle owned by the defendant, registered in her name and operated by her

brother-in-law. The plaintiff's declaration alleged negligent and unskilful operation of the motor vehicle by the defendant. It was agreed at the trial that there was evidence to warrant a finding of negligence on the part of the operator of the motor vehicle at the time of the accident and due care on the part of the plaintiff. It was admitted that the motor vehicle was registered in the name of the defendant as owner. At the close of the testimony the defendant filed a motion requesting the court "to rule that upon the pleadings and upon all the law and evidence, the plaintiff is not entitled to recover and that a verdict be directed" in her favor. This motion was denied, a verdict was rendered in favor of the plaintiff and the defendant excepted.

Although the cause of action in the case at bar arose before, the trial occurred after, the enactment of St. 1928, c. 317. Since that statute relates only to evidence and not to substantive rights, it was applicable at the trial. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587. Under the terms of that statute in an action like the present, evidence that the motor vehicle was registered in the name of the defendant as owner is "prima facie evidence that it was then being operated by and under the control of a person for whose conduct the defendant was legally responsible." Upon the testimony that statute was applicable to the case at bar. There was testimony tending to support the affirmative defence, permissible under the statute, that the defendant as owner of the motor vehicle was not responsible for the conduct of the operator. None of that testimony bound the plaintiff. Whether it was to be believed and accepted by the jury presented purely a question of fact. They were at liberty to discredit it and to rely upon the *prima facie* responsibility established by the statute. *Wilson* v. *Grace,* 273 Mass. 146. *Ferreira* v. *Franco,* 273 Mass. 272.

Even if it be assumed without so deciding that the question of variance between the declaration, wherein it was alleged that the defendant was driving the motor vehicle at the time of the collision, and the proof, which tended to show that her brother-in-law was driving it, is open to the

defendant (see *Ridenour* v. *H. C. Dexter Chair Co.* 209 Mass. 70, 78, *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 379), there is nothing in the point. An averment of negligence by the defendant in an action at law is supported by proof of negligence by his servant or agent acting within the scope of his authority. *Commonwealth* v. *Park*, 1 Gray, 553, 554.

*Exceptions overruled.*