SCHOOL DISTRICT NO. 32, IN COUNTY OF FRE-
MONT and State of Wyoming; William Wall, Chair-
man of the Board; Joe Chernick, Clerk; Albert
Hansen, Superintendent, Appellants (Defendants
below),

v.

LaVeta WEMPEN, Appellee (Plaintiff below).

No. 2844.

Supreme Court of Wyoming.

July 14, 1959.

342 Pac.2d 232

Moran, Hettinger & Leedy, R. Lauren Moran, Riverton, for appellants.

Spence & Hill, G. L. Spence, Riverton, for appellee.

Before BLUME, C. J., and PARKER and HARNS-BERGER, JJ.

314

## OPINION.

Mr. Justice HARNSBERGER delivered the opinion of the court.

In this case a lady who had been employed as a cook by the Board of Trustees of School District No. 32, in Fremont County, Wyoming, was discharged and she sued the board to recover her salary for the remaining period of the school year. The case was tried to a jury and upon its verdict the court gave her judgment amounting to $453.33. The school board appeals.

The evidence in the record seems clear and for the most part undisputed. The board's minutes show it decided to employ plaintiff as a cook for the 1956-1957 school term at a salary increase of $11.11 per month above her previous salary. This made her per month salary $151.11, or $1,360 for the term. The action of the board was communicated in writing to plaintiff by the board's school superintendent, a somewhat usual procedure, and the employee's acceptance of the offer of employment was indicated on that writing, signed by plaintiff and returned to the superintendent. The instrument as completed and as shown by an exhibit is as follows, with the exception that the lost original used the words "First Cook" instead of the words "Chief Cook".

"Pavillion Public Schools

"Election    Notice

"You have been elected as Chief Cook for the 1956-1957 school term at a salary of 1360.00. Please check and sign as per your wishes below and return to the office on or before April 1, 1956. Thank you.

" X  I accept.

"     I reject.

"/s/ Mrs. LaVeta Wempen
"Signature"

Plaintiff entered upon her duties as cook and performed the required services in a highly satisfactory manner. However, her son became involved in minor misconduct and was disciplined by the school superintendant. His punishment included the repayment of the cost of small items of school property that had been destroyed. Shortly afterwards on February 19, 1957, when the superintendent was in the school lunchroom, an occurrence growing out of the son's trouble took place between the employee and the superintendent. There is dispute as to the exact nature of this difficulty. On the one hand the superintendent contended the employee had used profane language, was loud, abusive, defiant and disrespectful. The plaintiff, however, maintained that all she did was to shove a silver dollar across the table indicating it was to pay for the damage her son had done, and that the dollar was returned by the superintendent. Undoubtedly angry words were exchanged and the dollar passed back and forth between the parties several times. After the superintendent left the scene of the altercation, he returned to the lunchroom and requested plaintiff to come to his office to discuss the matter. The em-

ployee admitted she refused to do this. The episode came to the attention of the board and the superintendent reported his version of the affair at a special meeting of the board called and held February 22, 1957. Although plaintiff was not notified of the meeting, was not present, and was given no opportunity to offer her version of the affair, the board decided to discharge her and directed the superintendent to notify plaintiff of its action. This he did by sending her the following:

"February 22, 1957

"Mrs. LaVeta Wempen

"Pavillion, Wyoming

"Dear Mrs. Wempen:

"The Board of Education of School District No. 32 met in special session on February 22 and considered your recent unethical conduct in the lunch room. The matter was discussed at length and the board voted unanimously to dismiss you immediately as cook not only because of the scene which you created but because you refused to discuss the matter with me under proper conditions.

"Very cordially yours,

"A. S. Hansen, Superintendent"

From this letter we may assume the board felt, that notwithstanding the contract of employment, it was entitled to summarily discharge the cook for her alleged misconduct and insubordination. With this we cannot agree. Before the board was entitled to take that drastic action, it was necessary that the employee be apprised of charges preferred against her; that notice of hearing upon those charges be given her; and that at such hearing she be permitted full opportunity

to offer such explanation, excuse, justification or refutation as might be available to her. While the board, at least in the first instance, was clothed with authority to decide whether its employee had been guilty of such misconduct or insubordination as warranted termination of her employment, it was not entitled to act arbitrarily in an ex parte proceeding, solely upon representations of the superintendent which, in the nature of things, were possible to be colored from his interested position.

Baird v. School Dist. No. 25, Fremont County, 41 Wyo. 451, 287 P. 308, cited by both parties, discusses the right of a *teacher* to have charges filed, to have notice of hearing, and a hearing when discharge is sought by the county superintendent of schools under authority of what is now our § 27-1108, W.C.S.1945. It also deals with the right of a jury to substitute its determination as to whether there is just cause for discharge for the decision reached by the school board after it had given notice and held a hearing for that purpose. The case also incidentally deals with the question presented here, which is whether the school district board may summarily and without hearing and notice discharge a term-contract employee and terminate the employment without compensation for the unexpired portion of the term in cases where cause for such discharge is the basis for such action. The conclusion reached in the Baird case, supra, makes it unmistakable that in order to justify the school board in discharging the plaintiff in this case, it was necessary that the plaintiff be given notice and hearing. The court said at page 460 in 41 Wyo. and at page 310 in 287 P.:

"* * * And we shall assume, for the purposes of this case, that, in order to make the decision of the

school board of any effect, a hearing, upon notice, was necessary, * * *."

Again at page 467 in 41 Wyo. and at page 313 in 287 P., it was said:

"* * * According to the Durst Case, removal of a teacher may be only for cause, and we may assume, as heretofore stated, that it should be only upon notice and a hearing.* * *"

See Durst v. School Dist. No. 2 of Niobrara County, 39 Wyo. 442, 273 P. 675.

While both the Durst case, supra, and the Baird case, supra, concerned the employment and discharge of teachers, we do not think the principle involved depends upon the character of the employment or the professional or non-professional status of the employee, but rather upon whether there is a contract of employment for a definite term and whether a proper proceeding was had to abrogate that contract for a just cause.

Section 67-103, W.C.S.1945, provides: "Educational matters affecting the school district shall be under the care of the district board of school trustees", and § 67-625, W.C.S.1945, says: "The district board shall employ all teachers necessary for the schools of the district, and pay them by draft on the treasurer". These statutes obviously fall short of expressly saying that power is given to a board of school district trustees to employ the personnel necessary to perform other school functions, although § 67-616, W.C.S.1945, seems to give a board rather general authority to make contracts in performance of duties delegated to it by district meeting or to carry out the vote of the district

meeting. Similarly these statutes fail to expressly authorize a board to discharge personnel it has employed even in proper cases and under proper circumstances. However, it seems logical and a fair conclusion that a school board must be possessed of such administrative authority. In Durst v. School Dist. No. 2 of Niobrara County, 39 Wyo. 442, 448, 449, 273 P. 675, 677, this court gave recognition to the principle that the right to hire implies the right to dismiss, and approval of this rule was reiterated in Baird v. School Dist. No. 25, Fremont County, 41 Wyo. 451, 466, 287 P. 308, 312, the court saying, "* * * the power to employ implies the power to discharge."

In the absence of special findings, we must consider the verdict and judgment for plaintiff carried with them every necessary finding of fact which is supported by evidence. In 89 C.J.S. Trial § 650, p. 494, it is said:

"In the absence of special findings in irreconcilable conflict therewith, a general finding imports a finding of all subsidiary facts necessary to render it sufficient and support it as well as the judgment which is rendered in the proceedings. * * *"

Authorities are cited which include Wallis v. Nauman, 61 Wyo. 231, 238, 157 P.2d 285, 286, wherein the court gave tacit approval to the rule announced in Hinton v. Saul, 37 Wyo. 78, 96, 259 P. 185, 191, where it was said:

"* * * And in causes tried to a court, a general finding is one of every special thing necessary to be found to sustain the judgment. * * *"

Reiteration of this rule occurs in Holbrook v. Continental Oil Co., 73 Wyo. 321, 278 P.2d 798; Lucksinger v. Salisbury, 72 Wyo. 164, 262 P.2d 396, 264 P.2d 1007; Jacoby v. Town of City of Gillette, 62 Wyo. 487, 174 P.2d 505, 177 P.2d 204; and Tyler v. Tyler, Wyo., 332 P.2d 489.

While some of the authorities cited are cases which were tried to the court rather than to the jury, we see no good reason why the rule is not as appropriate where there is a general verdict of a jury as in cases which are tried directly to the court.

Among findings necessary to support the verdict and judgment in this case is that there was a contract of employment between the board and plaintiff for her services for the 1956-1957 school term rather than a month-to-month hiring, terminable at will, and that plaintiff was not guilty of such insubordination as justified her discharge.

Whether or not plaintiff was employed for a term or from month to month was a matter properly within the determination of the jury in this case. Without detailing, we feel the summary herein contained shows there was sufficient substantial evidence upon which the finding there was a term contract could be made.

While standing alone, the admission of plaintiff that she refused to comply with the superintendent's request to come to his office might indicate she had been guilty of an insubordination which justified her discharge without remuneration for the remaining period of the term, it might be that her refusal could have been satisfactorily explained or justified if opportunity had been given her. The crucial question then was whether the vital facts of misconduct and insubordi-

nation were established in a proper manner. The board assumed to determine there had been misconduct and insubordination without giving the cook any opportunity to appear before it and offer such explanation, excuse, justification or refutation as she may have been able to furnish. The record does inform us that when she was asked to come to the superintendent's office, she coupled her refusal by calling attention to contrary instructions she had received. We are not suggesting that this necessarily excused her from complying with the superintendent's request, but we mention it merely to illustrate that her side of the story was entitled to be heard and considered. Similarly, the question of her understanding of the nature of the superintendent's request was entitled to be placed before the board and by it taken into account. This is to say, opportunity should have been accorded her to show whether she understood that an order had been given or that she was merely being invited to iron out a disagreement. It is even left unclear whether the direction to come to the office was one which properly grew out of her employment and in the line of her duties which she was required to obey, or if it was only the superintendent's offer of an opportunity to adjust disrupted personal relationships resulting from her son's difficulties. In any view, the ex parte action of the board in accepting the one-sided report of the superintendent presents the question whether, as a matter of law, the plaintiff was entitled to be advised of charges made against her, to notice, and to an opportunity to be present at any hearing held to consider those charges before she could be dismissed without remuneration. Only under such circumstances could the board have given fair consideration to whatever she might have been able to offer in her defense, in explanation or in refutation of the charges.

We do not question the right of a school district board to dismiss at will, and without hearing, other than term-contract employees or even to dismiss a term-contract employee for just cause. But, to discharge a term employee without according her an opportunity to know the misconduct or insubordination with which she is being charged; to be denied notice of any hearing that is to be held upon such charges; and to be given no opportunity to be present at, participate in, and offer whatever she may have available in her defense, excuse or justification, is an arbitrary act and an abuse of the discretionary authority of the school district board. Any such action taken by the board is of no force or effect whatsoever and the jury was entitled to disregard such action and to make its own determination as to whether plaintiff's discharge without payment to her of the full agreed term compensation was justified by her conduct.

We, therefore, hold plaintiff was entitled to be paid the full amount of contract salary for her services for the entire term. In consequence, the verdict of the jury and the judgment of the court in this case must be upheld.

Affirmed.