**Sidney Emmett CALKINS, a minor, by his guardian ad litem, Teddy J. Calkins, Appellant,**

v.

**Virginia HAMME, Appellee.**

**Sidney Emmett CALKINS, a minor, by his guardian ad litem, Teddy J. Calkins, Appellant,**

v.

**Merlin OLSON, Appellee.**

**Nos. 9433, 9434.**

United States Court of Appeals Tenth Circuit.

Dec. 20, 1967.

A Joseph Williams, Cheyenne, Wyo., (Guy, Phelan, White, Williams & Mulvaney, Cheyenne, Wyo., were with him on the brief), for appellant.

Brooke Wunnicke and John W. Pattno, Cheyenne, Wyo., for appellees.

Before MURRAH and BREITENSTEIN, Circuit Judges and DELEHANT *, District Judge.

* Of the Eighth Circuit, sitting by designation.

**318**

BREITENSTEIN, Circuit Judge.

These cases, which were consolidated for trial to the court without a jury, arose out of an accident occurring on a through street in Cheyenne, Wyoming, when a car driven by appellant-defendant Calkins struck two pedestrians, the appellees-plaintiffs Hamme and Olson. The court found that defendant was negligent and that the plaintiffs were not contributorily negligent. On this appeal the judgments for the plaintiffs are attacked on the sole ground that the contributory negligence of the plaintiffs prevents recovery. Jurisdiction is based on diversity.

Shortly after 6 A.M. on September 4, 1965, plaintiff Hamme and her husband, plaintiff Olson, and a couple named Gibbs arrived in Cheyenne on a vacation trip. They parked their car in a lot across the street from a restaurant known as Peterson's Buffet. While approaching the parking place they saw, and commented on, a pedestrian crossing sign on the north side of the highway. Mrs. Gibbs, Mrs. Hamme, and Mr. Olson started to cross the street to go to the restaurant. Before doing so they looked for a crosswalk and saw none. Previously there had been a marked crosswalk 64 feet east of the point where they entered the highway but it had been obliterated by a new surface of seal coat. The members of the group looked both directions and saw no cars approaching. Defendant Calkins had been stopped by a traffic light at an intersection 240 feet to the west. Between the traffic lights and the scene of the accident there was a pedestrian crossing sign and another sign reading "Yield Right of Way to Pedestrians." Defendant, driving easterly from the intersection, was blinded by the sun, and did not see the pedestrians who were hit by the front end of his car. The negligence of the defendant is established and the sole question is one of contributory negligence.

■ Defendant argues that the plaintiffs were negligent as a matter of law because, in violation of § 29–54 of the Ordinances of the City of Cheyenne and of § 31–159, Wyoming Statutes 1957, they were crossing a through street at a place other than a marked crosswalk. This argument assumes that the crossing must occur in a lane delineated for walking from one side of the street to another. The assumption does not apply here because the painted stripes defining the lane had been obliterated. In such circumstances it cannot be said that either the statute or the ordinance is violated by a person crossing between the pedestrian crossing signs which are readily visible to both motorists and pedestrians.

■ The court found and the record shows, that the plaintiffs maintained a proper lookout. They became aware of the approaching car by the sound of its accelerating motor and tried to get out of the way. Mrs. Gibbs did so but the two plaintiffs were hit by the front end of the car. The car left 21 feet of brake marks before it struck the pedestrians. On the basis of the facts which it found, the court held that the plaintiffs were not negligent. Defendant says that such holding conflicts with the Wyoming decision in Johnston v. Vukelic, 67 Wyo. 1, 213 P.2d 925. In that case the plaintiff was crossing a through highway at a place where there were no pedestrian crossing signs and walked into the side of a slowly moving car. The trial court made a general finding of negligence on the part of the defendant. On review the appellate court said that such a general finding would not sustain the judgment. Here the plaintiffs were crossing within an area protected by pedestrian crossing signs and were hit by the front of the car. Additionally, the trial court made specific findings which destroy the claim of contributory negligence. Those findings are based on substantial evidence and are fully justified by the record. In our opinion the appeal is devoid of merit.

Affirmed.