In the Matter of the Injury to Frank
BROTHERS, an Employee of K. B.
Tractor Co., Inc.

**K. B. TRACTOR CO., INC.,** Appellant
(Employer below),

v.

**Frank BROTHERS,** Appellee
(Employee below).

No. 4204.

Supreme Court of Wyoming.
May 21, 1973.

David F. Palmerlee of Redle, Yonkee &
Arney, Sheridan, for appellant.

Ronald D. Vanderhoef of Lonabaugh &
Bonner, Sheridan, for appellee.

Before PARKER, C. J., and McEWAN,
GUTHRIE, and McINTYRE, JJ.

Mr. Justice GUTHRIE delivered the
opinion of the court.

Frank Brothers, the workman and appellee herein, on December 15, 1972, was awarded compensation in the amount of $288.80 with accruing benefits upon his claim for an injury suffered while employed by K. B. Tractor Co., Inc., in a covered employment. The trial court found that Brothers was injured during the period from September 6 to September 12, 1972, in the course of his employment, and that he had given timely notice to the employer.

The employer asserts, "The single issue on appeal is: Was the report of the occur-

rence and general nature of the injury given to the employer, by the injured workman, timely, in accordance with Wyoming Statutes, Section 27–104?" and asserts that since this section is mandatory Brothers cannot recover because of his failure to give such notice.

Brothers was employed by appellant herein from September 6 to September 12, erecting large feed storage tanks called "harvestores." During this process Brothers was engaged at times in raising large metal sections with a block and tackle, during which process he injured his back. He went from that job to one with K. N. Land Company, where he worked until September 23, and because his back was stiff and sore he was not able to work after that period. On September 26 he went to bed because of the stiffness and soreness. Brothers thought it would get better and that it was not serious enough to see a doctor and only went when he could not stand the pain any longer. He thought it merely stiffness and soreness and not until October 2 did he consult with Dr. Schunk. He had worked with a stiff back before and the stiffness had gone away. Notice was given to the employer immediately after he consulted Dr. Schunk. Dr. Schunk's report designated the injury as "Sprained back" and two X rays were taken and the doctor prescribed some pills. On October 6 an order was made allowing Brothers to engage the services of Dr. Rhodes, who the parties stipulated is a qualified expert in this area.

■ The trial court found "That timely notice of the injury was made by the employee to his employer." The specific finding is implicit therein that Brothers did not discover or know his injury was compensable until he was examined by Dr. Schunk. Such a general finding is a finding of all essential facts necessary to support it, School District No. 32, in County of Fremont v. Wempen, 80 Wyo. 311, 342 P.2d 232, 235, and cases cited therein. As was said in Big Horn Coal Company v. Wartensleben, Wyo., 502 P.2d 187, 189:

"The question of the time when the employee first knows that he has suffered an injury which results in, or is likely to cause, compensable disability is of course one for the trial judge. The evidence in Wartensleben's case is such that we cannot and will not disturb the findings of the trial court in that regard."

This finding is supported by the testimony of Brothers, who merely thought his back was sore and stiff and that the pain would go away. He had had similar experiences before. Appellant here, in order to avoid this holding, argues that Brothers knew or must have known he had a compensable injury when he was confined to bed and does describe himself as totally disabled. However, back injuries are by nature so complex and diverse that to impute to Brothers knowledge of a compensable injury is to place an impossible and improper burden upon him.

Rather notably, appellant does not dispute the injury or the extent thereof nor does it suggest that it was in any way prejudiced but asserts its interpretation of the knowledge of a compensable injury to be proper, and seeks in oral argument a limitation or clarification of the definition of a "compensable injury." This ignores the crucial question of the time employee learned the injury was compensable.

There is nothing in the record which even suggests that we should disregard the direct holding in Wartensleben, supra.

■ Although it is not raised in his brief, counsel for Brothers during oral argument sought his costs and attorney's fee by virtue of Rule 72(k), W.R.C.P., upon the contention there was no reasonable cause for the appeal. This case clearly demonstrates a basic unfairness in our statutory scheme for appeals by the employer upon awards. Strangely, it is provided that the appealing employer may secure without cost a transcript and record to be paid for from the Industrial Accident General Fund (§ 27–133, W.S.1957), although nothing is said as to any relief available to the successful employee by

way of any counsel fees or other costs. Thus, Brothers, as recipient of an award in the sum of $288.80 and accruing payments, must employ an attorney to protect this award and Brothers' entitlement was hindered and delayed by this appeal. The unfairness of this is apparent and the purpose of the award destroyed. It is hard to imagine a more total destruction of the purpose of this Act, i. e. the protection of the workman. With these considerations in mind a most careful analysis must be made as to the reasonable cause which would justify this appeal.

"Probable cause" and "reasonable cause" have been held to be synonymous and interchangeable, Riley v. State, 179 Md. 304, 18 A.2d 583, 586, and cases cited in 36 Words and Phrases, Reasonable Cause, pp. 457–458 (Perm.Ed.). In discussing the phrase "probable cause" which appears in another portion of our Workmen's Compensation Law, in the case of Wyoming State Treasurer ex rel. Workmen's Compensation Department v. Reed, Wyo., 444 P.2d 329, 332, the court quoted from United States ex rel. Rivera v. Reeves, S.D.N.Y., 246 F.Supp. 599, 601, wherein it was said, "it [probable cause] requires 'a substantial question worthy of consideration.'" Johnson's Case, 242 Mass. 489, 136 N.E. 563, 565, seems to indicate the test of "reasonable ground" is one which presents a fair question of law on the record. We find it difficult in face of Big Horn Coal Company v. Wartensleben, supra, to make this determination and cannot satisfy ourselves there was reasonable cause for this appeal.

Appeal dismissed.

Mr. Justice McINTYRE, concurring in the result.

I concur in the result reached in this case, but I cannot agree there has been any showing of a lack of reasonable cause for the appeal.

Section 27–104, W.S.1957, C.1967, clearly requires a workman, when an accident occurs causing injury, to make a report of the occurrence and general nature of the injury to the employer within 24 hours. Although we have construed the term "injury" to mean "compensable injury," we have not and we cannot delineate the precise time when an injury becomes a compensable injury. This leaves the employer between the devil and the deep blue sea when it comes to determining when the employee should have known when he had a compensable injury. That is especially true in this case, since the employee had suffered great pain and had even gone to bed with the injury.

The question of when there is knowledge of a compensable injury seems to be exclusively in the mind of the employee. This could lead to abuse if we were to start telling employers, in effect, that they could not question the employee's fixing of the time when he knew or should have known that he had a compensable injury. The employer should be free in every case to question when a compensable injury has occurred. That was done in this case, and we cannot say the appeal from the trial court's decision is without reasonable cause.