Charlene C. **HENDRICKSON**, as Administratrix of the Estate of James Leroy Hendrickson, Deceased, Appellant (Plaintiff below),

v.

John H. **HEINZE**, Appellee
(Defendant below).

No. 4500.

Supreme Court of Wyoming.

Nov. 5, 1975.

Elmer J. Scott, Scott & Jones, Worland, signed the brief and appeared in oral argument, for appellant.

John R. Hursh and Christopher A. Crofts, Hamilton & Hursh, Riverton, signed the brief and John R. Hursh, Riverton, appeared in oral argument, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK and RAPER, JJ.

RAPER, Justice.

The trouble with this case is that the appellant insists on retrying the case and using as evidence in this retrial, the evidence

and argument of the appellant instead of that of the appellee. *Petsch v. Florom,* Wyo.1975, 538 P.2d 1011, 1013; *Hammer v. Town of Jackson,* Wyo.1974, 524 P.2d 884, 886. In the consideration of this case, we follow the standard set out in *Stock v. Roebling,* Wyo.1969, 459 P.2d 780, 784, wherein it was said:

"* * * We must assume that evidence in favor of the successful party is true, leave out of consideration entirely evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. [Citing case.]" [1]

We outline the facts in the worst possible way as far as plaintiff is concerned, clinging fairly to the record, however.

This wrongful death action arose out of circumstances surrounding an automobile fatality occurring on Interstate 25, about eight miles north of Chugwater, Wyoming, on December 9, 1972, at approximately 9:00 a. m. At the time and place of the occurrence, the highway was covered with snow, two or three inches thick, and it was snowing hard. Visibility was about three-quarters of a mile but variable from bad to worse in that snow was being billowed and swirled about by gusts of wind and passing vehicles.

The appellant-plaintiff's decedent, just prior to the episode, was driving a 65-foot long diesel tractor-trailer combination northbound when the left front tire of the pulling unit blew out. The decedent drove the truck partially over into the parking lane and parked it, the left front tire resting about on the line dividing the driving lane and the emergency lane, and seven and one-half feet from the guardrail; the rear end of the truck protruded one and one-half to two feet into the driving lane. The painted driving lines were visible at the point the truck was parked. There was no valid reason why the vehicle could not have been pulled completely into the parking lane. Although so equipped, no flares, reflectors or other warning devices were placed out on the highway to the rear of the truck. Drivers, including decedent, were instructed by company management that before any exposure to risk was undertaken, warning equipment would be emplaced. Truck flashers were on but so snowpacked that they were not visible. The decedent, making no effort to wait until warning devices were put out, immediately obtained tools from the left side-box of the cab and prepared to work on the left front part of the vehicle to change the wheel. The decedent and his assistant driver, in order to work on the tire problem, would have to be out in the driving lane on the left side of the tractor unit. If the truck had been properly pulled completely into the emergency lane, the work could have been more safely done and the decedent would have been able to observe traffic approaching from the south. The diesel motor was left running by the now deceased, overcoming or neutralizing the warning sound of approaching traffic. The decedent was wearing dark gray overalls with a gray hood, blending him into the gray, stormy conditions.

A motorist, going in the same direction as the truck was faced, came upon this situation, pulled up ahead of the tractor and stopped to see if he could assist in any way. After this well-meaning good samaritan had parked his vehicle, the decedent got out into the driving lane near the passing lane of the highway and, walking with his back to oncoming traffic, went toward the motorist's parked vehicle. He had gone only a short distance when the right front of defendant's car, probably in a sliding attitude, struck him, knocking him into the back of and over the helpful motorist's vehicle, killing him instantly. The defend-

---

1. This rule appears in so many cases that it is impractical to list them. This one is used here only because it was cited by one of the parties. For others, see Appeal and Error, West's Wyoming and Pacific Digests.

ant-appellee because of the visibility did not see the deceased nor any warnings until about 100 feet away from the victim, honked his horn, tried to turn away or stop, but his car went into a skid. The horn apparently startled decedent and he stepped even further into the driving lane.

The case was bench tried; the trial judge found the defendant guilty of negligence and the decedent guilty of contributory negligence, thereby disallowing recovery. Comparative negligence is not an issue because the cause of action arose before § 1–7.2, W.S.1957, 1973 Cum.Supp., became effective in 1973. Findings of fact and conclusions of law were not requested by either party at the beginning of the trial. The court entered only a general finding, as indicated, and is not required to make separate findings except on request made before the introduction of evidence. Rule 52(a), W.R.C.P. A motion for a new trial made by plaintiff was denied by the court.

The appellant argues that the findings of the trial court, with respect to decedent's contributory negligence, are not supported by substantial evidence. The appellee does not argue that he was free of negligence and is satisfied with the judgment.

In the absence of special findings of fact, the reviewing court must consider that a judgment carries with it every finding of fact which is supported by the evidence. *School District No. 32, in County of Fremont v. Wempen,* 1959, 80 Wyo. 311, 321, 342 P.2d 232, 235. A judgment will be affirmed on appeal if sustainable on any legal ground appearing in the record. *Heyl v. Heyl,* Wyo.1974, 518 P.2d 28, 30; *In re Romer,* Wyo.1968, 436 P.2d 956, 958.

The law of negligence is predicated upon that which is required of a reasonable person in the light of all the circumstances present. *Gilpatrick Construction Co. v. Wind River Ready-Mix Concrete Co.,* Wyo.1970, 473 P.2d 586, 589; *Phelan v. Read Construction Co.,* Wyo.1963, 379

P.2d 829. Contributory negligence is " * * * conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection, and which is a legally contributing cause, cooperating with the negligence of defendant in bringing about plaintiff's harm." *Cimoli v. Greyhound Corp.,* Wyo. 1962, 372 P.2d 170, 174; *Johnston v. Vukelic,* 1950, 67 Wyo. 1, 17–18, 213 P.2d 925, 930.

As said in *Gamet v. Beazley,* 1945, 62 Wyo. 1, 11, 159 P.2d 916, 919:

" * * * It is not what counsel for the plaintiff might think about it, * * * but whether or not the trial judge might not reasonably conclude that under the circumstances * * * [plaintiff] should have been more careful, and that had he been so the collision would not have occurred. * * *"

It is for the trier of fact to determine the question of the contributory negligence of the plaintiff. *Fitzsimonds v. Cogswell,* Wyo.1965, 405 P.2d 785, 786. Whether the plaintiff's decedent was prudent and careful in walking in the traveled portion of the highway with due regard for the poor visibility, the slippery condition of the road and the totality of the circumstances was a question of fact to be determined by the trial judge. The trial court could well have specially found that the decedent was contributorily negligent in his inattention to the dangers existing. Reasonable inferences of contributory negligence fall into place by a bare reading of the record.

We do not discuss any of the detailed claims of contributory negligence by the plaintiff's decedent. Those claims are surrounding circumstances sufficient to show a disregard for his own safety and put in motion the concept that the negligence of plaintiff's decedent prevents recovery against the negligent defendant. *Mayou Manufacturing Co. v. Consumers Oil & Refining Co.,* 1944, 60 Wyo. 75, 101, 146 P.2d 738, 746, 151 A.L.R. 1243, 1254, citing

from comment to the Restatement of the Law of Torts, § 478 (1934). We are content to go no further. As said in *Mayou,* contributory negligence was a question of fact for the factfinder, in the light of all the circumstances of the case.

Plaintiff argues that if the decedent was negligent, then the last clear chance doctrine must apply. The doctrine is discussed at length in *Johnston v. Vukelic,* 67 Wyo. 1 at 20–21, 213 P.2d 925, at 931–932, where the rule is set out:

"'A plaintiff, who, by the exercise of reasonable vigilance could have observed the danger created by the defendant's negligence in time to have avoided harm therefrom, may recover if, but only if, the defendant

"'(a) knew of the plaintiff's situation, and

"'(b) realized or had reason to realize that the plaintiff was inattentive and therefore unlikely to discover his peril in time to avoid the harm, and

"'(c). thereafter is negligent in failing to utilize with reasonable care and competence his then existing ability to avoid harming the plaintiff.'

\* \* \* \* \* \*

"' \* \* \* the last clear chance doctrine 'can never apply where the party charged is required to act instantaneously, and if the injury cannot be avoided by the application of all means at hand after the discovery of the peril \* \* \*.' "

The trial court could well have found—and it was his decision—that the defendant did everything possible when he discovered intestate's peril, i. e., honked his horn, tried to turn, took his foot off the accelerator, tried to brake but the stormy conditions and the slippery road made every available evasive effort useless, so he really had no last clear chance. The last clear chance doctrine entails a clear and apparent opportunity to avoid the result. *Dr. Pepper Co. v. Heiman,* Wyo.1962, 374 P.2d 206, 212. We have no reason to disturb the trial judge's finding in that regard, included in his general finding.

We find no error.

Affirmed.