Vernon ZITTERKOPF, dba Zitterkopf's Cabinet and Millwork, Appellant (Plaintiff below),

v.

Louis J. ROUSSALIS, M.D., Appellee (Defendant below).

No. 4539.

Supreme Court of Wyoming.

Feb. 27, 1976.

Donald L. Painter, Burk & Painter, Casper, signed the brief and appeared in oral argument on behalf of the appellant.

Joseph E. Vlastos, Cardine, Vlastos & Reeves, Casper, signed the brief and appeared in oral argument on behalf of the appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

As has been our frequent wont, we are compelled to call to the attention of appellants, the firmly implanted rule of appellate practice that in the review of a case here on appeal, we must assume that evidence in favor of the successful party is true, leave out of consideration entirely evidence of the unsuccessful party in conflict therewith, and give to the evidence of the successful party every favorable inference which may be reasonably and fairly drawn from it. *Tavares v. Horstman,* Wyo.1975, 542 P.2d 1275, 1277, and references there footnoted. Further, when we are not favored with findings of fact and conclusions of law or a memorandum of the trial judge pursuant to Rule 52(a), W.R.C.P., the reviewing court must consider that a judgment carries with it every finding of fact which is supported by the evidence. *Hendrickson v. Heinze,* Wyo.1975, 541 P.2d 1133, 1134; *School District No. 32 in Fremont County v. Wempen,* 1959, 80 Wyo. 311, 321, 342 P.2d 232, 235. A judgment will be affirmed on appeal if sustainable on any legal ground appearing in the record. *Heyl v. Heyl,* Wyo.1974, 518 P.2d 28, 30; In re Romer, Wyo.1968, 436 P.2d 956, 958.

The record, construed in the light most favorable to the prevailing party in the trial court, permits us to arrive at a rather brief statement of the factual background leading to this litigation. In the latter part of November or early December, 1972, the defendant-appellee and plaintiff-appellant entered into an employment arrangement whereby plaintiff, a cabinetmaker, was engaged to remodel a family room in the home of the defendant. It was to be an elaborate project, done in expensive walnut.

In the arrangements it was made clear that the defendant was anxious to have the work done by January 13, 1973, because of a reception he had planned on the occasion of the baptism of his son. That was not possible, however, because plaintiff would not be able to start for about two weeks because of another commitment but plaintiff assured defendant that he could have the major portion of the work done by that time and the job completed shortly thereafter. Since the plaintiff was short of funds to purchase the walnut, the defendant advanced $1,600.00 to him to buy the wood.

By January 13, 1973, however, only some walnut-veneered beams had been placed on the ceiling and they were not finished at the ends where they joined to the walls; there was yet a gun cabinet, drawers beneath the gun cabinet, work on the back bar, the lower part of the bar, a credenza, bookcase, folding doors and bathroom and storage doors to be built and installed. In March, 1973, a formica top was glued to the top of a part of the bar area. A gun case was installed in the middle of the summer, 1973. The credenza was put in place in November, 1973. In January, 1974, the bookcase was brought in but it was not satisfactory because the books for which it was intended would not fit and the workmanship was unsatisfactory. No part of the job was in a completed state. A soffit had to be closed, the bookcase had

to be rebuilt, the drawers were not equipped to fully open, the space in which a TV was to be inserted had not been cut out, locks had not been installed on doors and drawers of the gun cabinet, the guns for which the gun cabinet was intended would not fit, the walunt top, sliding doors and shelves were not installed on the back bar, sliding doors were not installed in the front bar, the beam ends had not been trimmed and other trim work was left to be done. Defendant made some 20 trips trying to locate plaintiff at his shop, all in an effort to urge plaintiff to get on the job, but except for some three or four times was unable to locate him.

At the start of the project, defendant had been told, in addition to the material, that the job would cost between $1,200.00 and $1,500.00. In August of 1973, plaintiff sent a startled defendant a bill for $2,934.-54. After several discussions, the defendant agreed to pay plaintiff that amount plus $700.00 for work to be done in completing the job and plaintiff advised defendant the job would be done in two or three weeks. In reliance upon those representations, in September, 1973, defendant paid plaintiff $1,000.00, $500.00 in October, 1973, and $500.00 in January, 1974 even though the work was not done, as promised.

The defendant justifiably lost his patience in January, 1974, and refused any further payment until the job was completed. Plaintiff "dismissed" himself from the project on February 11, 1974, by letter notice and billed defendant for $2,337.87. Thereafter, plaintiff started dunning defendant for that balance plus inter⸱t. There had never been any mention or agreement of or for the payment of interest.

Defendant was compelled to hire another cabinetmaker to finish the work, which was started the latter part of May, 1974, and completed in the middle of June, 1974, at a cost of $1,435.00. Plaintiff sued for $2,372.94, including his computation of in-

terest. After deducting various admitted overcharges and the disputed interest, the trial court allowed plaintiff's basic claim of $1,667.84, which neither plaintiff nor defendant contest. The trial judge then allowed defendant a credit against that of $1,000.00 for damages resulting from plaintiff's breach of contract, leaving a net judgment of $667.84 in favor of plaintiff and against defendant. Interest was disallowed. It is from that judgment, this appeal is taken.

A mere recitation of the facts reveals plaintiff's breach of the time and material contract in his failure to complete performance, an intolerable situation for the defendant which he bore with patience beyond the call of reason. The plaintiff just simply failed to perform the contract to which he committed himself. We see no material error in the trial court's computations. Using the record of testimony, the trial court's understanding would be reasonable that plaintiff figured his time at $10.00 an hour and defendant was required to pay $15.00 per hour to complete the work. The hours consumed are within the evidence and the result can be figured within $10.00 of the $1,000.00 award. This would not even include the defendant's decision to spend $580.00 to have new shelves built rather than trying to patch up plaintiff's non-specification shelves and unworkmanlike construction, which can be inferred from the evidence. It is not always easy to assess precise damages when hours of work required to do a job are concerned.

■ The general measure of damages for breach of contract is the amount which will compensate the injured person for the loss which full performance of the contract would have prevented or the breach of it has entailed. 25 C.J.S. Damages § 74, p. 843; 22 Am.Jur.2d (Damages), § 47, p. 74; *Woodburn Brothers v. Erickson,* 10 Cir. 1956, 230 F.2d 240; *McBain v. Pratt,* Alas.1973, 514 P.2d 823; *Steel v. Eagle,* 1971, 207 Kan. 146, 483 P.2d 1063; *Taylor v. Colorado State Bank of Denver,* 1968,

165 Colo. 576, 440 P.2d 772; *Prier v. Refrigeration Engineering Co.,* 1968, 74 Wash.2d 25, 442 P.2d 621.

██ While no specific time for completion of plaintiff's agreement to remodel was fixed, the contract was that plaintiff would have a major portion of the work completed prior to January 13, 1973, which he did not accomplish, and the remaining part completed shortly thereafter. Where no time for performance is specified, the law implies performance must be within a reasonable time and what is a reasonable time depends upon the circumstances of each case. *Black & Yates v. Negros-Philippine Lumber Co.,* 1924, 32 Wyo. 248, 231 P. 398, 37 A.L.R. 1487. We hold that under the circumstances of this case, failure to complete over a period of a year after the contract was made, was unreasonable and the defendant could have reasonably expected completion in a period far less than that. Such a finding as that by the trial judge is well within the evidence.

██ Plaintiff claims entitlement to interest. Interest is recoverable on liquidated but not on unliquidated claims. A liquidated claim is one readily computable by simple mathematical computation. *United Pacific Insurance Co. v. Martin & Luther General Contractors, Inc.,* Wyo.1969, 455 P.2d 664, 677. Plaintiff's claim was unliquidated because of his breach. His claim did not mature into any fixed amount until figures requiring almost two days of trial were developed. Such a method of arriving at an amount due is not considered a simple mathematical computation. Interest was properly disallowed.

We find no error.

Affirmed.