Tommy Ray OBERSON and Harry E. Strange, Appellants (Plaintiffs),

v.

Charles M. SHREEVE, Appellee (Defendant).

No. 83–82.

Supreme Court of Wyoming.

Dec. 12, 1983.

Robert L. Bath of Bath & Tyler, Rock Springs, for appellants.

Maxwell E. Osborn, Cheyenne, for appellee.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

This is a negligence action resulting from a motor vehicle collision. The district court,

without a jury, found that both parties were negligent, and that their negligence was the proximate cause of the collision. The court attributed 70% negligence to plaintiffs-appellants' driver, which was imputed to appellants, and 30% negligence to the defendant-appellee. We affirm.

The single issue on appeal, as worded by appellants, is as follows:

"[W]hether the trial court, in weighing the evidence and applying the law, erred in finding that the negligence of Appellants exceeded that of Appellee in proximately causing the accident between Appellants' semi-truck and trailer and Appellee's van and boat."

The issue, then, is whether or not there was evidence to support the court's findings of fact pertaining to negligence.

" * * * [E]very favorable inference is to be given to the successful party. Upon appeal this court is required to resolve all conflicts in the evidence in favor of the successful party. * * * " *Barnette v. Doyle,* Wyo., 622 P.2d 1349, 1355 (1981).

Therefore, on appeal:

" * * * [W]e must assume the evidence in favor of the prevailing party as true and leave out of consideration the evidence in conflict therewith, giving to the evidence in favor of the prevailing party every favorable inference which may be reasonably and fairly drawn from it; and we are not to evaluate the evidence, rather we are to determine only if there was substantial evidence upon which the jury could arrive at its decision if it believed the evidence in favor of the prevailing party. *Brasel and Sims Construction Co. v. Neuman Transit Co.,* Wyo., 378 P.2d 501 (1963); *Fisher v. Robbins,* 78 Wyo. 50, 319 P.2d 116 (1957); *Ford Motor Company v. Arguello,* supra [382 P.2d 886 (1963)]; *Potts v. Brown,* Wyo., 452 P.2d 975 (1969)." *Brittain v. Booth,* Wyo., 601 P.2d 532, 535 (1979).

Further, a "judgment will be affirmed on any legal ground appearing from the record." *P & M Cattle Company v. Holler,* Wyo., 559 P.2d 1019, 1024 (1977); *Zitterkopf v. Roussalis,* Wyo., 546 P.2d 436, 437 (1976).

Testimony was received at the trial from the appellants' driver, Chester Gregory, the appellee, Charles Shreeve, Mr. and Mrs. Carson, who were following appellants' semi-truck and trailer in a pickup, and the investigating Highway Patrol Officer, Wayne Wright.

The accident occurred on U.S. Highway 30, northwest of Kemmerer, during the daylight hours. Both the appellants' driver and the appellee were traveling in the northwest bound lane. Appellee and appellants' driver both pulled off onto the right shoulder at approximately the same time to check their maps, each to determine whether he had missed the turn to Bear Lake at Sage Junction. Appellee's vehicle was ahead of that of appellants. Appellants' driver re-entered the road first and as he approached appellee's van, appellee re-entered the road. Shortly thereafter, appellants' driver started to pass appellee, and the collision occurred when appellee made a left turn onto a service road. Appellee testified that he switched on his left turn signal when he re-entered the road, then he turned it off only to shortly thereafter turn it on again before making a left turn onto the service road. Before he had completed his turn, his van and boat were struck by appellants' semi-truck and trailer. Extensive injury was done to both vehicles.

The trial court noted with reference to its choice in believing the testimony of Officer Wright and appellee, and in disregarding the testimony of the Carsons and appellants' driver:

"I intend to reject the testimony of the Carsons because of what this Officer read to me from his notes during this trial as well as the inconsistencies that I think are in the testimony of—or the inadequacies that are in the testimony of the Carsons."

Some of those "inadequacies" include the following: Mr. Carson testified that the surface of the roadway at the time of the accident was "stripped blacktop," while pictures taken of the accident scene reveal that the road was freshly graveled, tarred

and regraveled, with no markings painted on it; Mr. Carson testified that the driver of the semi-truck did everything he could to avoid hitting the van, that he "veered off just prior to impact," but the skid marks on the road showed that the driver did not brake until after impact with the van, and the front wheels of the semi-truck had been locked into position at the time of impact, and they were pointing straight forward, which all indicates that the driver did not swerve or brake, in fact did absolutely nothing to avoid the collision; the Carsons testified that appellee turned left directly in front of the appellants' semi-truck, but the testimony of appellee, coupled with the origin of the skid marks and the areas of damage to the vehicles show that appellee was going fairly slowly, and had almost completed his turn before he was struck by the semi-truck, which indicates that he did not cut sharply in front of appellants' truck. Likewise, appellants' driver testified that before impact he cut his wheels to the left to avoid hitting the van, but the physical evidence does not bear this out, as noted above, and as adduced by photographs taken by Officer Wright. Further, Mr. Gregory testified that he hit a culvert, but the photographs, again taken by the highway patrolman, and the testimony of Officer Wright show that there was no culvert in this area. Appellants' driver admitted that he saw appellee's turn signal, but nevertheless tried to pass appellee on the left despite the signaled intention to turn to the left. The physical evidence reflected that appellee had almost completed his turn prior to the accident. With all of the evidence viewed in the light most favorable to appellee, and disregarding any evidence in conflict therewith, we find substantial evidence to support the findings of the trial court. It did not err in weighing the credible evidence and applying the law and reaching the conclusion that appellants' driver was more negligent than appellee.

Appellants cite § 31–5–209(a)(i), W.S. 1977, for the proposition that appellee breached the statutory duty to remain in his right hand lane of travel at a time appellants' driver was committed to passing appellee's vehicle. It reads:

"(i) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."

In *Distad v. Cubin*, Wyo., 633 P.2d 167, 175 (1981), we said that we could adopt as a standard of conduct of a reasonable man the requirements of a legislative enactment, and we there applied provisions of the Restatement, Torts 2d, relative to the circumstances under which such should be applied. However, whether a violation of a statute is evidence of negligence or is negligence per se is not pertinent in this case inasmuch as the trial court did in fact find the appellee to be negligent (per se or otherwise), but it also found appellants' driver was *more* negligent. The court found that appellee was 30% negligent for making the left hand turn, but it found the appellants' driver was 70% negligent for failing to take note of appellee's left turn signal and anticipating appellee's left turn and for failing to take any evasive action whatsoever to avoid the collision. There was ample evidence to support this finding.

Affirmed.